UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY ADKINS,

    Plaintiff,

v.                                         Case No. 3:18-cv-1257-J-34PDB

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On October 24, 2018, Defendant Family Dollar Stores of Florida, LLC (Family Dollar) filed a Notice of Removal (Doc. 1), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice ¶ 9. Family Dollar asserts that diversity jurisdiction is proper because this is an action between citizens of different states, and the amount in controversy exceeds $75,000. Id. In the Notice, Family Dollar asserts that Plaintiff Kimberly Adkins is "a citizen of the State of Florida." Id. ¶ 3. In addition, Family Dollar alleges that it is a "foreign company duly organized as a limited liability company under the laws of the Commonwealth of Virginia." See id. Family Dollar asserts that all of its members "are citizens of North Carolina or Virginia," and "[n]one of the members are citizens of Florida." Id.

For the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." Id.; see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen.") (internal quotation omitted). Therefore, as Family Dollar correctly observes, see Notice ¶ 4, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Here, Family Dollar alleges the citizenship of each of its "members" based on the list of "Authorized Person(s)" set forth on the company records filed with the Florida Secretary of State. See Notice ¶ 5, Ex. C. However, the Court has reviewed the records to which Family Dollar refers and while they identify Family Dollar's President, numerous Vice-Presidents, and several Secretaries, it is unclear whether these managing individuals are also <u>members</u> of the limited liability company, and if so, whether there are any other members of the company who are not part of management. To establish diversity jurisdiction, the Court needs information regarding the citizenship of <u>all</u> the members of a limited liability company, not just the managing members. See Rolling Greens MHP, L.P., 374 F.3d at 1022.[1]

Moreover, to the extent these individuals are members of Family Dollar, the Court is unable to discern their respective states of citizenship. Family Dollar appears to rely on these same Florida Secretary of State records to assert each individual's citizenship. See Notice ¶ 5, Ex C. However, the records include nothing more than addresses for these individuals and thus, do not reveal their citizenship. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Indeed, the same two addresses are listed in connection with ten different individuals, such that it is unclear what relation these addresses have to each

---

[1] To the extent Family Dollar attempts to establish diversity in the negative, see Notice ¶ 5, this is improper as an affirmative identification of citizenship is necessary. See Cameron v. Hodges, 127 U.S. 322, 324–25 (1888); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011); Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318, 320–21 (7th Cir. 2002).

individual's domicile.  As such, the Court concludes that the information Family Dollar has provided is insufficient to establish its citizenship.[2]

In addition, the Court finds that Family Dollar's allegations as to the amount in controversy are also insufficient.  Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists."  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554.  If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met.  Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014).  Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  See Williams, 269 F.3d at

---

[2]  Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-16 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, at 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

1320.  Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  Id. at 754 (emphasis added).  In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing."  Id. at 754 (emphasis added).[3]

Here, Family Dollar fails to present a "plausible allegation" of the amount in controversy.  In support of its contention that the amount in controversy exceeds $75,000, Family Dollar asserts that "[b]efore filing her lawsuit, [Plaintiff] submitted a written demand to Family Dollar in the amount of $500,000.00"  See Notice ¶ 8.  However, "[w]hen referencing a demand letter to ascertain the amount in controversy, courts analyze 'whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages.'"  See Boyd v. State Farm Mut. Auto. Ins. Co., No. 6:15-cv-1965-Orl-22TBJ, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quoting Moser v. Cincinnati Ins. Co., No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)).  If a pre-suit demand letter provides "a

---

[3] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA).  Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA.  See, e.g., Pretka, 608 F.3d at 752.  Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446."  Pretka, 608 F.3d at 756-57 & n.11 (citations omitted).  Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here.  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

reasonable assessment of the value of the claim," then it is "more indicative of the true amount in controversy," especially where the letter "contains supporting information, such as medical bills or a specific medical diagnosis." Id. (internal quotation omitted); see also Hernandez v. Burlington Coat Factory of Fla., LLC, No. 2:15-cv-403-FtM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015). In contrast, a demand for a lump sum amount "without the slightest suggestion how in the world the plaintiff[] could support such a figure," is considered nothing more than mere posturing. See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Here, Family Dollar does not provide the Court with any information explaining on what facts, if any, Adkins substantiated the demand. Without more information, the Court cannot discern whether Adkins' demand for $500,000 amounts to a reasonable assessment of the value of the claim or is more akin to mere "puffing and posturing."

Moreover, neither the Notice nor the Complaint (Doc. 3) provide the Court with any specific, factual information by which to determine whether Adkins' damages plausibly exceed the jurisdictional threshold. Indeed, based on the allegations in the Notice and Complaint, the Court can discern only that Adkins "sustained injuries including bursitis of her right and left shoulder, which required injection therapy as well as injuries that allegedly exacerbated her existing fibromyalgia." See Notice ¶ 8. The Court can do no more than speculate regarding the nature and severity of those injuries and whether they implicate damages in excess of $75,000. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka, 608 F.3d at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)).

In light of the vague allegations of damages in the Complaint, and in the absence of any information in the Notice regarding the severity of Adkins' injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Family Dollar has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.

In light of the foregoing, the Court will give Family Dollar an opportunity to provide the Court with additional information as to its citizenship, the amount in controversy, and this Court's diversity jurisdiction over the instant action. Accordingly, it is

**ORDERED**:

Defendant Family Dollar Stores of Florida, LLC shall have until **November 16, 2018**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on October 26, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record